**Hand-Delivered**

FILED
CHARLOTTE, NC

# UNITED STATES DISTRICT COURT
for the
District of

Division

JUN 14 2023

US DISTRICT COURT
WESTERN DISTRICT OF NC

Virgilia Rodriguez

*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

Wipro Limited

*Defendant(s)*
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

Case No. 3:23-Cv-354-FDW
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☒ Yes ☐ No

## COMPLAINT FOR A CIVIL CASE

I. **The Parties to This Complaint**

  A. **The Plaintiff(s)**

  Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

  | | |
  |---|---|
  | Name | Virgilia Rodriguez |
  | Street Address | 512 North College Street, Apt. 2005 |
  | City and County | Charlotte, Mecklenburg County |
  | State and Zip Code | North Carolina, 28202 |
  | Telephone Number | 305-985-0030 |
  | E-mail Address | gil@impacten.com |

B. **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant No. 1
- Name: Wipro Limited
- Job or Title (if known):
- Street Address: 2 Tower Center Blvd.
- City and County: East Brunswick — Middlesex County
- State and Zip Code: NJ 08816
- Telephone Number:
- E-mail Address (if known):

Defendant No. 2
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Defendant No. 3
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Defendant No. 4
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:

E-mail Address *(if known)* _____

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question  ☒ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

18 U.S. Code - Section 1348 - Securities and Commodities Fraud: whoever knowingly executes, or attempts to execute a scheme or artifice-- (2) to obtain, by means of false or fraudulent pretenses, representation, or promises, any money or property in connection with the purchase or sale of any commodity for future delivery, or any security of an issues with a class of securities registered under section 12 of the Securities Exchange Act of 1934 or that is required to file reports under section 15(d) of the Securities Exchange Act of 1934.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual
    
    The plaintiff, *(name)* Virgilia Rodriguez, is a citizen of the State of *(name)* North Carolina.

    b. If the plaintiff is a corporation
    
    The plaintiff, *(name)* N/A, is incorporated under the laws of the State of *(name)* N/A, and has its principal place of business in the State of *(name)* N/A.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual

        The defendant, *(name)* _____, is a citizen of
the State of *(name)* _____. Or is a citizen of
*(foreign nation)* _____.

    b.    If the defendant is a corporation
        The defendant, *(name)* Wipro Limited, is incorporated under
the laws of the State of *(name)* New Jersey, and has its
principal place of business in the State of *(name)* New Jersey, USA.
Or is incorporated under the laws of *(foreign nation)* _____,
and has its principal place of business in *(name)* New Jersey, USA.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

At this time, I am requesting $3,400,000 USD. At the time of my termination (June 6, 2022), Wipro HR representative Brittany Cammack indicated I'd receive a severance. Scott Sheinbaum also present and did the majority of the speaking during the meeting, admitted I was "over-utilized" and also indicated "we will get you as much money as possible." Following the wrongful termination, I was contacted by Wipro CEO's Chief of Staff in what I thought was an attempt to mitigate the wrongful termination matter but instead Wipro went as far as hiring legal representation that rarely communicated with my counsel and evaded settlement attempts including mediation. Leading up to Wipro's wronfgul termination, my physical and mental health severely declined due to David Schwab's "absence" from a client engagement in which I was forced to work well over 60 hours per week. I visited urgent care leading up to the termination (and after reporting the illicit corporation) due to crippling headached and was told I was at high-risk for brain bleeding and was advised to seek a CT scan. To this day, still suffer from PTSD when in a work setting and currently treating with a psychiatrist and been on PTSD/Anxiety medication since the wrongful termination.

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Please see complaint attached statement along with relevant exhibits.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

IV. **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Leading up to Wipro's wrongful termination, my physical and mental health severely declined due to many excesses as a result of David Schwab's "absence" from the client engagement. I have medical records from my health issues precisely coniciding during this time period. I also began treating with a psychiatrist and to this day I treat and require medication to manage PTSD in connection with the wrongful termination, the events leading up to the termination and a slew of false statements made during the termination. When in a work setting, I am triggered by certain actions similar to those leading up to my termination (aggressions directed at me by certain co-workers). I have made several attempts to settle this matter (directly and indirectly through a legal representative with Wipro Limited without this Honorable Court's intervention and can provide the evidence. After being forced to file this action, I am concerned this may influence my ability to obtain future employment as I subjected to numerous background searches in connection with my line of work/employment. I have several years of working age before being able to legally retire (close to 20). Also due to various months of unemployment and authentic inability to work, I had a slew of expenses which to this day I am still not fully recovered from as I had to drain my savings to survive.

V. **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A. **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 6/14/23

Signature of Plaintiff

Printed Name of Plaintiff    Virgilia Rodriguez

B. **For Attorneys**

Date of signing: _____

| | |
|---|---|
| Signature of Attorney | _____ |
| Printed Name of Attorney | _____ |
| Bar Number | _____ |
| Name of Law Firm | _____ |
| Street Address | _____ |
| State and Zip Code | _____ |
| Telephone Number | _____ |
| E-mail Address | _____ |

June 9, 2023

My name is Virgilia Rodriguez, and I am a former employee of Wipro Limited ("Company"). I petition this Honorable Court to address various adverse actions taken against me connected to 18 U.S. Code Section 1348 – Securities and Commodities fraud. My wrongful termination for reporting an illicit entity being operated by a Wipro Limited partner (offering services in direct competition with Wipro Limited) occurred on June 6, 2022. On June 9, 2022, Wipro Limited filed a report with the Securities Exchange Commission stating it had complied with "whistleblower mechanisms." See attached excerpt of the report as **compound Exhibit A**. Subsequently, on Friday June 10, 2022, four days after my wrongful termination, I was mysteriously contacted by Wipro CEO's Chief of Staff, Louise Chalopin, based in Paris France. During this conversation, I communicated my wrongful termination to Ms. Chalopin, as I had attempted to contact Wipro CEO, Thierry Delaporte. See attached evidence of communications as **Exhibit B**.

## FACTUAL BACKGROUND
### I. Relevant Background On The Company & Ms. Rodriguez

The Company is a Securities Exchange and Commission "SEC" filer, publicly-traded and generates billions in revenue. It is an Indian multinational corporation providing information technology, consulting and business process services. For approximately eighteen months, I worked as a Senior Management Consultant (B3 Level). I was an exemplary employee who was received in April 2022 for a corporate award exemplifying the five Wipro Habits. I kept evidence of the award, which I can promptly provide. Until my report to my Wipro supervisors, Michael Willow and Scott Sheinbaum on May 2022, I had never experienced any type of adversary interaction with Human Resources. Due to my outstanding performance, I received the "Wipro Hall of Fame Award," as a result of nominations by Scott Sheinbaum and Christy Renier. See attached evidence of the communication reporting my finding of the illicit company finding as **compound Exhibit C**.

---

### II. The Company's Mistreatment Of Ms. Rodriguez During Her Employment

In Fall 2021, the Company hired David Schwab as a Partner (D1 Level). As of January 2022, Mr. Schwab was assigned to work alongside me to on the Ross Stores account. Throughout Mr. Schwab's employment, I observed and experienced puzzling behavior from Mr. Schwab. For example: (i) Mr. Schwab did not use client credentials to log into Ross Stores' systems. Logging into a client's system is a customary and necessary practice in management consulting; (ii) Mr. Schwab would promise to complete things but never sent me any completed client work; (iii) Mr. Schwab rarely attended meetings and arrived late to a critical meeting on May 10, 2022 (a deliverable approval was to be discussed), disrupting my client presentation on a critical client deliverable; and (iv) Bhavani Prabha, a fellow colleague also commented to me that Mr. Schwab did not complete assignments and I personally never observed Mr. Schwab complete even one business deal on behalf of Wipro during his employment, as of June 2022.

Through our assignment to the Ross Stores account, I noticed Mr. Schwab's lack of contribution with no plausible explanation. Following the May 10, 2022 meeting presented to high-level Ross employees, Mr. Schwab "disappeared" for the remainder of the day even though I repeatedly tried to reach him for a client debriefing.

Mr. Schwab was assigned to work on the Wipro account for 20% of his allocated hours. This meant 32 hours of monthly service. Because of his failure to do so, my work hours became from 40+ hours to well over 60 hours per week. Mr. Schwab's mandatory hours were 8 hours per week on the Ross account, but he limited himself to merely attending a weekly one-hour meeting with the client, leaving me to absorb the remaining 28 hours. I worked well over 60 hours per week for several months working alongside David Schwab. During this time, my physical and mental health began to decline and I sought the assistance of a mental health professional, and still receive treatment to this day.

On May 13, 2022, due to several bizarre behaviors within the Wipro Talent & Change Practice (North America), I became overly suspicious and conducted a simple corporate records search in the State of Florida (Mr. Schwab's home state), and discovered that Dauphine Equity Ventures ("Dauphine") was registered in the State of Florida. Based upon Mr. Schwab's past questionable conduct, I conducted a public records search and discovered that Mr. Schwab was *a high-ranking Officer at Dauphine*. Mr. Schwab's wife was the owner, but per the public State of Florida filing, David Schwab was an offer of Dauphine Equity Ventures. I also noticed that Mr. Schwab had just filed renewal paperwork for Dauphine on May 12, 2022. See attached documents as **compound Exhibit D**.

Upon a website search of Dauphine Equity ventures, I noted Dauphine offered services *identical* to the Company's business pipeline. Through future legal representation, I learned this disturbing fact not only violated the Company's Code of Conduct, but also the Sarbanes-Oxley Act ("SOX"). In any event, not being familiar with any of this, like any ethical employee, I promptly reported these facts to the Company in mid-May 2022, including to Scott Scheinbaum, Michael Willow and Human Resources ("HR") Manager Brittany Cammack. Communications to Michael Willow and Scott Sheinbaum are attached as **compound Exhibit C** (as aforementioned).

**After initially reporting my discovery of Dauphine Equity Ventures on May 13, 2022 and May 16, 2022, thereafter, the following events occurred:**

- On May 18, 2022, only days after engaging in protected conduct, Mr. Sheinbaum and Mr. Schwab teamed up and digitally bullied me via Microsoft Teams messaging. He also demanded I "educate" the practice on my activities after with zero consideration that I was "over-utilized" as he clearly articulated during the recorded meeting of my termination.
- As a result of me bringing awareness of Dauphine Equity Ventures to leadership, the hostile work environment caused me to suffer substantial physical distress. During this time, essentially, I was carrying a client account entirely on my own while Mr. Schwab provided no support. Consequently, later in the day on May 18, I reported the retaliatory conduct to HR Manager Brittany Cammack and John Arnold Smith (VP, Talent & Change). I also provided evidence to Ms. Cammack showing that of

2

- working during paid days off and even holidays between September 2021 and January 2022. Wipro supervisors showed no boundaries as far as my time off, or over-utilization.
- On May 20, 2022, (through Ms. Cammack), the Company inexplicably issued me "FINAL WARNING" even though I *never* otherwise had been disciplined for any reason nor had any contact with HR. During the meeting in which the final warning was issued: (i) Ms. Cammack did not ask a single question or direct a single comment to Ms. Rodriguez; and (ii) Ms. Cammack reported that the existence of the Dauphine discovery was somehow "not illegal." I kept a record of her statement as this contradicts, the administrative questioning I received about my former LLC, Impacted Media, prior to becoming a Wipro employee.
- On May 27, 2022, I was experiencing so much physical distress from the Company's misconduct that I visited a medical provider, who diagnosed her with high blood pressure and physically crippling headaches. My condition was so severe I was advised I had to rule out potential brain bleeding and recommended a CT scan. I provided my medical record indicating my ailments. The medical visit resulted in the medical provider prescribe me a powerful painkiller to address the crippling headaches and the other symptoms. Notably, sometime in late May 2022, I verbally notified Mr. Willow and Ms. Cammack of their serious issues along with ADA protected medical conditions before June 6, 2022. When I mentioned to Mr. Willow, what I came to learn were protected ADA conditions on May 31, 2022, he simply replied that the Company "doesn't really care" about employees' medical issues and instead told me he had mentioned his own "hand issues" to Wipro.
- Given the Company's misconduct conduct in various areas, I wrote to Company CEO Thierry Delaporte on June 5, 2022.
- On June 6, 2022, the Company summarily terminated me. The purported reasons for the termination were as convoluted as they were bogus. Although I kept requesting, the Company refused to provide evidence supporting its decision and Ms. Cammack advised that would receive unspecified severance benefits. I proceeded to state that the Company clearly was terminating me for engaging in protected conduct, and Mr. Sheinbaum who practically spoke nearly the entire time, admitted out that I had been "overutilized" by Mr. Schwab and otherwise treated poorly but that "we will get you the most amount of money possible." I kept a personal record of the Monday, June 6, 2022 termination meeting for my records.
- On June 10, 2022, Louise Chalopin (Mr. Delaporte's Chief of Staff) communicated with Ms. Rodriguez. The communications occurred via phone and through LinkedIn and via a French telephone, as Wipro's CEO is based in Paris, France. Ms. Chalopin acknowledged in writing that the office was in receipt of my attempt to communicate with Mr. Delaporte. Instead of addressing my concern in good-faith, Ms. Chalopin attempted to trick me into admitting that the Company terminated me due to redundancy, I quickly corrected Ms. Chalopin and realized this was an attempt to engage in disingenuous tactics. I consistently worked at 100% utilization throughout her employment. I retained digital evidence of these communications. See attached as **Exhibit B** (as aforementioned).

- Shortly thereafter, the Company, through Ms. Chalopin's email advised that it was conducting some sort of "investigation." Wipro never provided me with an update on the purported investigation's status.

At the outset, please note that my goal has always been to have a seamless resolution that is mutually beneficial and, most importantly, fair under the unusual circumstances present here. Unless necessary, I did not believe it is in anyone's interests to have this matter resolved through litigation and/or any other appropriate medium that could attract public attention.

I retained the services of The Noble Law Firm in efforts to secure a peaceful resolution to this matter. Wipro Limited engaged the services of Benson Pope, a Partner in the Littler law firm based in Atlanta. Aside from taking a significant amount of time to respond to my demand letter, when Benson Pope finally established contact, he proceeded to engage in a series of inexplicable delaying tactics for several months, including an offer to move forward with mediation, culminating in him inexplicably saying Wipro Limited representatives would not appear for mediation. Through my representation, Wipro Limited was advised, I intended to proceed with litigation and/or contacting appropriate third-parties unless the matter was amicably resolved.

Wipro Limited caused me emotional and other distress it, likely on a permanent basis. I suffered physical/medical and mental health issues documented by the health professionals to whom I sought care. As of today, at the time of this filing June 9, 2022, I suffer from significant PTSD and severe stress and anxiety connected to the events. Finally, Scott Sheinbaum's statements during my termination on June 6, 2022, contradicts the recently received Company Hall of Fame for exemplifying the five (5) Wipro Habits. During the termination meeting on June 6, 2022, I repeatedly asked for evidence of these allegations and was never provided with anything supporting the allegations.

## MS. RODRIGUEZ'S CLAIMS

In addition, Wipro Limited's counsel, Benson Pope, supplied a Response letter alleging several claims to which I replied with a series of personal text messages refuting the claims made within the letter and instead disproving the statements made within the Response letter and showing I had harmonious relationships with my former Wipro colleagues. The text messages were supplied to my counsel, Wipro Limited's counsel and subsequently Thierry Delaporte, Wipro CEO and Rishad Premji, Wipro Chairman. See attached text messages as **compound Exhibit E**.

Wipro Limited clearly discriminated and retaliated against me based upon my report of David Schwab's illicit corporation and my supervisor's and HR representative Brittany Cammack's ignorance of my medical issues.

Following my termination Wipro Limited also engaged in a "mass termination" campaign for those moonlighting and along with other activities that became public including Wipro Limited's Chairman condemning the practice of moonlighting: **https://techcrunch.com/2022/09/21/it-services-group-wipro-fires-300-employees-for-moonlighting/?guccounter=1&guce_referrer=aHR0cHM6Ly93d3cuZ29vZ2xlLmNvbS8&guce_referrer_sig=AQAAAMmRKcA2tcirMg3jGgOlmibUh6DHMtCr7OkVHp7--**

4

nge63u0nxFgMYdyOoRF3J1k_WZK1B3H8ec32Tx1ujbS38Jk-
MMLAU9BwPbt1YUtPB298LJirqiE4n6j4PE0ztoQjDnjE_P1fQg-
gplAjKoJ0gyH_XgOac1JXaMCm6LyrTx5

## MS. RODRIGUEZ'S PROPOSED DECLARATORY RELIEF

Notwithstanding Wipro Limited's actions towards me, for the past year, I have attempted to resolve this matter as quickly and discreetly as possible. Accordingly, my preference was to work with the Company towards amicable resolution based upon the facts and the law. For months, I was unable to work due to physical and mental health issues. The mental health issues still persist to this day, and due to this public filing, I am risking future career opportunities.

With the above in mind, I believe the monetary and non-monetary terms of my settlement should be as follows:

*Monetary Terms*

20 years of annual compensation (@$170,000/year) Other Compensatory damages, including for medical expenses; legal fees; substantial mental and physical anguish, lost benefits and punitive damages

**$3,400,000**

*Non-Monetary Terms*

**TOTAL:**

1. Termination re-classified as voluntary resignation
2. Standard confidentiality, non-disparagement and other clauses
3. Neutral employment reference