UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:23-CV-00354-SCR

| | | |
|---|---|---|
| **VIRGILIA RODRIGUEZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **WIPRO LIMITED,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**THIS MATTER** is before the Court on "Defendant's Motion to Dismiss Plaintiff's Complaint" (Doc. No. 10) and briefs (Doc. Nos. 11, 13, 14, 16, 17, 24 & 27), and pro se Plaintiff's "Motion in Limine to Include Additional Evidence in Support of Plaintiff's Claim" (Doc. No. 15) and other variously-titled filings opposing Defendant's Motion to Dismiss (Doc. Nos. 23, 25, 28 & 29).[1]

At the outset, the Complaint is hardly a model of clarity. The core of Plaintiff's factual allegations is that her employer, a publicly-traded company, terminated her in retaliation for her reporting a co-worker's unlawful conduct. (Doc. No. 1 at 8-11). Plaintiff further alludes to the Sarbanes-Oxley Act ("SOX") (Id. at 8), but also mentions a "hostile work environment" (Id.), "ADA protected medical conditions," presumably referring to the Americans with Disabilities

---

[1] The Court reminds pro se Plaintiff that she must comply with the Local Rules, including LCvR 7.1, which sets forth requirements for motions and responses in civil cases. See https://www.ncwd.uscourts.gov/court-info/local-rules-and-orders/local-rules. This includes LCvR 7.1(e), which does not permit surreplies unless granted permission by the Court. **The Plaintiff is warned that multiple responses to the same motion may be disregarded or stricken from the record if the Court's rules are not followed**.

Act.[2]  (Id. at 9).  Under "claims," Plaintiff generally alleges that "Wipro Limited . . . discriminated and retaliated against me based on her report" of another employee's activities and the Company's "ignorance of my medical issues."  (Id. at 10).  Plaintiff has submitted several other filings, which contain other factual allegations she contends support her claim or claims.  However, Plaintiff has failed to properly bring those allegations before the Court because the allegations are outside of a complaint or an amended complaint.  McNulty v. Commc'ns Workers of Am., No. 3:12CV-22-MOC-DSC, 2012 WL 1569601, at *3 (W.D.N.C. Mar. 16, 2012) ("Additional factual allegations contained in a response brief are not considered on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6)").  Plaintiff also filed a motion, although wrongly titled as a "Motion in Limine," that seeks the Court's permission to include additional evidence to support her claims. (Doc. No. 15).

The Court is mindful of the latitude extended to the pleadings of pro se litigants. See Carriker v. Carriker, No. 3:22-CV-00448-DSC, 2022 WL 10208236, at *1 (W.D.N.C. Oct. 17, 2022) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally")).  But courts cannot act as the pro se plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of his complaint.  Id. (citing Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff)).

At this early point in the proceedings, the Court has formed no opinion about the merits of Plaintiff's factual allegations and legal claim or claims.  In light of factual allegations that if fully supported and developed could possibly give rise to an actionable claim, and recognizing that Plaintiff has inartfully sprinkled those allegations across several of her filings, the Court will grant

---

[2] Plaintiff has stated in certain briefing that she has filed her case based on 18 U.S.C. § 1348, and denies that she is pursuing any claim based on the Dodd-Frank Act. (Doc. Nos. 14 & 24).

her leave to file an amended complaint. See Corry v. S.C. Johnson & Son, Inc., No. 3:21-CV-49-FDW-DCK, 2021 WL 2459806, at *1 (W.D.N.C. June 16, 2021) (prior to dismissing complaint as frivolous, Court granted pro se plaintiff leave to amend), aff'd, No. 21-1781, 2021 WL 5412245 (4th Cir. Nov. 19, 2021).

The Court cautions Plaintiff to carefully consider the legal requirements for a valid complaint. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing the pleader is entitled to relief." Moreover, "[e]ach allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). The rule is intended to: "give fair notice of the claim being asserted" to the adverse party; "sharpen the issues to be litigated"; and "confine discovery and the presentation of evidence at trial within reasonable bounds." T.M. v. D.C., 961 F. Supp. 2d 169, 173–74 (D.D.C. 2013) (quoting Brown v. Califano, 75 F.R.D. 497, 498 (D.D.C. 1977)).

A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555).

Accordingly, the Court **ORDERS** Plaintiff to file a short, plain, and complete amended complaint that organizes and consolidates **all** of her allegations and claims against Defendant. The amended complaint will supersede, that is, completely replace, the initial complaint once it is filed.

It is well-settled that an amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot. Hall v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., No. 3:10-CV-418-RJC-DSC, 2011 WL 4014315, at *1 (W.D.N.C. June 21, 2011); Young v. City of Mount Ranier, 238 F.3d 567, 572-73 (4th Cir. 2001).

**NOW THERFORE IT IS HEREBY ORDERED that:**

1. Plaintiff is **GRANTED** leave and **ORDERED** to file an Amended Complaint on or before October 23, 2023.

2. "Defendant's Motion to Dismiss Plaintiff's Complaint" (Doc. No. 10) is **DENIED** as moot without prejudice.

3. "Plaintiff's Motion in Limine to Include Additional Evidence in Support of Plaintiff's Claim" (Doc. No. 15) is **DENIED** as moot.

4. The Clerk is directed to send copies of this Order to pro se Plaintiff and to counsel for the Defendant.

**SO ORDERED**.

Signed: September 22, 2023

Susan C. Rodriguez
United States Magistrate Judge