IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:23-CV-00354-SCR

| | |
|---|---|
| VIRGILIA RODRIGUEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| WIPRO LIMITED ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on "Defendant's Motion to Dismiss Plaintiff's Amended Complaint" submitted by Defendant Wipro Limited (Doc. No. 36) and the parties' associated briefs and exhibits.

The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c). These motions are now ripe for the Court's consideration. After fully considering the arguments, the record, and the applicable authority, the Court grants Defendant's Motion.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff brought this lawsuit under federal law alleging violations of the Sarbanes-Oxley Act ("SOX") and the Americans with Disabilities Act ("ADA"). (Amend. Comp., Doc. No. 32). Accepting the facts alleged in the Amended Complaint as true for the purposes of evaluating this Motion to Dismiss, Plaintiff Virgilia Rodriguez is a former employee of Defendant Wipro Limited. Id. ¶ 1. Defendant terminated Plaintiff's employment on June 6, 2022. Id. ¶¶ 1, 6.

In January 2022, Plaintiff was assigned to work alongside a Wipro Limited partner, David Schwab ("Mr. Schwab"). Id. ¶ 2. Over time, "Plaintiff became concerned over Mr. Schwab's absenteeism." Id. "Mr. Schwab was assigned to work with Plaintiff a total of 32 hours per month,

however, Mr. Schwab limited himself to appearing on a weekly meeting with the client (1 hour per week), leaving Plaintiff to absorb the remaining 28 hours." Id. By March 2022, after repeated instances of "being placed on client engagements with absentee supervisors, Plaintiff sought healthcare treatment for an acute anxiety disorder." Id.

On May 13, 2022, after becoming suspicious, Plaintiff performed a public records search to discover Mr. Schwab was "Senior Vice President" at Dauphine Equity Ventures ("Dauphine"), a different corporate entity registered in Florida. Id. ¶ 3. Mr. Schwab's wife was listed as the owner of Dauphine. Id.

In accordance with Defendant's "suspicious activity" policy, Plaintiff "reported the existence of Dauphine along with Mr. Schwab's behaviors and absenteeism" to Human Resources Manager Brittney Cammack ("Ms. Cammack"). Id. ¶ 4. Plaintiff asserts she communicated with the following supervisory individuals regarding her reports on May 13, 16, and 18, 2022: Scott Scheinbaum ("Mr. Scheinbaum"), Michael Willow ("Mr. Willow"), John Arnold Smith, and Ms. Cammack. Id. ¶ 4. In response, Plaintiff received a follow-up "final warning" email from Ms. Cammack. Id. Plaintiff states she "had no history of disciplinary infractions and never even had interaction[s] with HR, other than reporting Dauphine." Id.

Two days after making the initial report, Defendant's "senior personnel engaged in hostile online behaviors towards Plaintiff." Id. ¶ 5. Defendant's behavior "exacerbated Plaintiff's physiological and psychological health issues" which she reported to her supervisor, Mr. Willow. Id. On May 27, 2022, Plaintiff was diagnosed with "high blood pressure and physically crippling headaches." Id. "On May 31, 2022[,] Plaintiff verbally notified Mr. Willow and Ms. Cammack of her health issues." Id. Mr. Willow told Plaintiff that "the Company 'doesn't really care' about employees' medical issues." Id.

On June 6, 2022, Defendant terminated Plaintiff's employment. Id. ¶¶ 1, 5, 6. The individuals present at the meeting where Plaintiff was terminated were Ms. Cammack, Mr. Sheinbaum, and Mr. Willow. Id. ¶ 6. During the meeting, Ms. Cammack told Plaintiff she would receive severance and acknowledged the report concerning Dauphine that Plaintiff made to Human Resources. Id. Plaintiff then stated she was clearly being terminated for engaging in protected conduct, which nobody at the meeting refuted. Id.

Plaintiff further states she was "discriminated and retaliated against. . . based upon her report of David Schwab's illicit corporation to her former supervisors." Id. ¶ 10. Plaintiff also contends Defendant ignored her ADA protections. Id. ¶ 11.

Plaintiff never received a termination letter or a compensation package. Id. ¶ 8. Plaintiff sought administrative relief through the Occupational Safety and Health Administration ("OSHA") and Securities and Exchange Commission ("SEC").[1] Id. Plaintiff acknowledges that she "has not exhausted [a]dministrative [r]emedies." Id. at 7.

Plaintiff's initial complaint was filed June 14, 2023. (Doc. No. 1). After multiple filings by pro se Plaintiff, the Court issued an Order reminding her that she must comply with the Local Rules, and that multiple responses to the same motions are not permitted unless granted permission by the Court. (Doc. No. 30). The Court also observed that Plaintiff included new factual allegations and claims through these various filings that were not otherwise included in Plaintiff's Complaint. Given Plaintiff's pro se status, the Court granted leave for Plaintiff to file an Amended Complaint that consolidated all of her allegations and claims against Defendant. Id. (emphasis in original). Plaintiff filed an Amended Complaint, (Doc. No. 32), and Defendant similarly moved to dismiss all claims in the Amended Complaint for failure to exhaust administrative remedies

---

[1] Plaintiff erroneously refers to OSHA as the "Occupational Safety Hazard Administration" and to the SEC as the Securities Exchange Commission. (Doc. No. 32 ¶ 8).

under Fed. R. Civ. P. 12(b)(1) and for failure state a claim under Fed. R. Civ. P. 12(b)(6). (Doc. No. 36).

## II. DISCUSSION

### A. Sarbanes-Oxley Act

"Under the whistleblower-protection provision of the Sarbanes-Oxley Act of 2002, no covered employer may 'discharge, demote, suspend, threaten, harass, or in any other manner discriminate against an employee in the terms and conditions of employment because of' protected whistleblowing activity." Murray v. UBS Sec., LLC, 601 U.S. 23, 26 (2024) (quoting 18 U. S. C. § 1514A(a)). "If an employer violates this provision, the employee can file a complaint with the Department of Labor seeking reinstatement, back pay, compensation, and other relief." Id. at 27 (citing § 1514A(b)(1)(A), (c)).

"The Secretary has delegated investigatory and initial adjudicatory responsibility over claims under . . . § 1514A to [the Department of Labor's ("DOL")] Occupational Safety and Health Administration (OSHA)." Lawson v. FMR LLC, 571 U.S. 429, 435 (2014). A whistleblower is given a limited period of 180 days from when the violation occurred, or the date they became aware of the violation, to file administrative complaints with OSHA. 18 U.S.C. § 1541A(b)(2)(D); 29 C.F.R. § 1980.103(d). If a final decision has not been issued by the Secretary "within 180 days of filing of the complaint and there is no showing that such delay is due of the bad faith of the claimant" they may proceed to filing in federal district court. 18 U.S.C. § 1541A(b)(1)(B); Murray, 601 U.S. at 27 ("If there is no final decision from the Secretary of Labor within 180 days, the employee can file suit in federal court seeking the same relief." (citing §§ 1514A(b)(1)(B), (c)); Jones v. Southpeak Interactive Corp. of Del., 777 F.3d 658, 668 (4th Cir. 2015) ("By statute, a

Sarbanes–Oxley Act whistleblower cannot go straight to court. Rather, she must first file an administrative complaint with the Secretary of Labor.") (citing 18 U.S.C. § 1514A(b)(1)).[2]

If a final decision is issued, "OSHA's order may be appealed to an administrative law judge, and then to DOL's Administrative Review Board ("ARB")." Lawson, 571 U.S. at 436–37 (citing 29 CFR §§ 1980.104 to 1980.110 (2011)). "[T]he ARB's determination on a § 1514A claim constitutes the agency's final decision and is reviewable in federal court under the Administrative Procedure Act, 5 U.S.C. § 706." Id. at 437.

Defendant has moved to dismiss Plaintiff's Amended Complaint for failure to exhaust administrative remedies under Rule 12(b)(1). As Defendant recognizes, the Fourth Circuit has not expressly addressed whether a failure to exhaust administrative remedies is jurisdictional in the SOX context. However, in Feldman, for the purposes of the appeal, the Fourth Circuit assumed, without deciding, that failure to exhaust administrative remedies for a SOX claim was a jurisdictional issue.[3] Feldman v. L. Enf't Assocs. Corp., 752 F.3d 339, 345 n. 7 (4th Cir. 2014). Other district courts in the Fourth Circuit have similarly concluded that if these administrative requirements are not met, a federal court lacks jurisdiction to hear the claim. Malin v. Siemens

---

[2] The U.S. Supreme Court in Digital Realty Trust v. Somers, 583 US. 149, 157 (2018) clarifies that Sarbanes–Oxley's anti-retaliation provision contains an administrative-exhaustion requirement and a 180–day administrative complaint-filing deadline, see 18 U.S.C. § 1514A(b)(1)(A), (2)(D), whereas Dodd–Frank permits a whistleblower to sue an employer directly in federal district court, with a default six-year limitation period, see 15 U.S.C § 78u–6(h)(1)(B)(i), (iii)(I)(aa). The Court in its prior Order granting leave for Plaintiff to file an Amended Complaint noted that Plaintiff originally denied that she is pursuing any claim based on the Dodd-Frank Act. (Doc. No. 30 n.2). Having reviewed the Amended Complaint, Plaintiff does not otherwise bring a claim under Dodd-Frank Act. (Doc. No. 36).

[3] Courts are split as to whether the SOX administrative exhaustion requirement is a jurisdictional issue. See Newman v. Lehman Brothers Holdings Inc., 901 F.3d 19, 25-26 (1st Cir. 2018) (holding exhaustion is mandatory, like a statute of limitations, but not jurisdictional); Daly v. Citigroup Inc., 939 F.3d 415, 428 (2d Cir. 2019) (holding the administrative exhaustion requirement is a jurisdictional issue); Jaludi v. Citygroup & Co., 57 F.4th 148, 153 (3d Cir. 2023) (proceeding to the merits of the case after finding the statute did not clearly state whether the exhaustion requirement was jurisdictional); Wallace v. Tesoro, 796 F.3d 468, 477 n. 12 (5th Cir. 2015) ("We need not resolve whether SOX exhaustion requirement is jurisdictional because that issue has not been briefed and is not squarely before this court.").

Med. Sols. Health Servs., 638 F. Supp. 2d 492, 496 (D. Md. 2008); JDS Uniphase Corp. v. Jennings, 473 F. Supp. 2d 705, 710 (E.D. Va. 2007).

If instead addressed under Rule 12(b)(6), a complaint will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[T]he court should accept as true all well-pleaded allegations and should view te complaint in a light most favorable to the plaintiff." Mylan Lab'ys., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

Whether evaluating exhaustion of Plaintiff's SOX claim as a jurisdictional issue under 12(b)(1) or a failure to state a claim under 12(b)(6), the Court concludes in both instances Plaintiff has failed to exhaust administrative remedies and, thus, her SOX claim must be dismissed.

The Court is mindful of the latitude extended to the pleadings of pro se litigants and construes Plaintiff's pleadings liberally. See Carriker v. Carriker, No. 3:22-CV-00448-DSC, 2022 WL 10208236, at *1 (W.D.N.C. Oct. 17, 2022) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, courts are not required to act as an advocate for a pro se plaintiff. Id. (citing Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978)). Moreover, the Court may not consider new claims

or factual allegations made outside of Plaintiff's Amended Complaint. McNulty v. Commc'ns Workers of Am., No. 3:12CV-22-MOC-DSC, 2012 WL 1569601, at *3 (W.D.N.C. Mar. 16, 2012).

In her Amended Complaint, Plaintiff includes two references addressing SOX's administrative requirements. Plaintiff states she "sought administrative relief through various administrative agencies" including OSHA. (Doc No. 32 at ¶ 8). However, Plaintiff does not allege key facts such as the timing or date of such an administrative complaint and whether or not a final decision was issued. 18 U.S.C. § 1541A(b)(1)(B). In the "Conclusion" section of her Amended Complaint, Plaintiff appears to concede she "has not exhausted [a]dministrative [r]emedies." Id. at *7.[4] Accordingly, the Court finds Plaintiff failed to exhaust administrative remedies, and the Court will grant Defendant's Motion to Dismiss as to Plaintiff's SOX claim.

**B. ADA Claim**

The Court will treat Defendant's arguments regarding Plaintiff's purported failure to exhaust administrative remedies as to Plaintiff's ADA claim as raised under Rule 12(b)(6). See Fort Bend Cnty., Texas v. Davis, 587 U.S. 541, 552 (2019); Stewart v. Iancu, 912 F.3d 693, 701-02 (4th Cir. 2019); Cunningham v. Wells Fargo N.A., No. 3:19-CV-00528-FDW, 2020 WL 5300843, at *6 (W.D.N.C. Sept. 4, 2020) (explaining that the Supreme Court has "held that Title VII's charge-filing requirement is not jurisdictional, but rather a claims-processing rule'" and as such are analyzed under Rule 12(b)(6) rather than 12(b)(1) (quoting EEOC v. 1618 Concepts, Inc., No. 19-CV-672, 2020 WL 87994, at *2 (M.D.N.C. Jan. 7, 2020))).

"Modeled after Title VII, . . . the ADA incorporates that statute's enforcement procedures . . . including the requirement that a plaintiff must exhaust his administrative remedies by filing a

---

[4] In its Motion to Dismiss, Defendant further argues Plaintiff's Amended Complaint fails to state a claim because she has not alleged the basic elements of fraud. (Doc. No. 37 at 8-9). Because Plaintiff's SOX claim must be dismissed for failure to exhaust administrative remedies, the Court declines to further address this argument.

charge with the EEOC before pursuing a suit in federal court." Sydnor v. Fairfax Cnty., Va., 681 F.3d 591, 593 (4th Cir. 2012) (citing 42 U.S.C. § 2000e-5(b), (f)(1)); Manghan v. Michelin, No. 3:24-CV-576-MOC, 2024 WL 4271591, at *2 (W.D.N.C. Sept. 23, 2024) (citing Bryant v. Bell Atl. Md., 288 F.3d 124, 132 (4th Cir. 2002)).

Here, Plaintiff does not allege she filed an administrative complaint with the EEOC. In fact, Plaintiff appears to make the argument that she was not required to file with the EEOC because she was attempting to mediate her claims with Defendant. Although many litigants engage in informal resolution prior to such claims, a plaintiff must still file a Charge of Discrimination with the EEOC within the statutory time period. Chacko v. Patuxent Inst., 429 F. 3d 505, 508 (4th Cir. 2005). Although the Court recognizes Plaintiff is a pro se litigant, this does not excuse Plaintiff from this requirement. As a result, the Court finds Plaintiff failed to exhaust administrative remedies, and the Court will grant the motion to dismiss with respect to the ADA claim.[5]

### C. There is No Private Right of Action under 18 U.S.C. § 1348

Plaintiff also attempts to plead a claim under 18 U.S.C. § 1348. However, there is no private right of action under 18 U.S.C. § 1348. CPI Amherst SFR v. Alexander, No. 5:22-CV-326-FL, 2023 WL 2620913, at *4 (E.D.N.C. Feb. 27, 2023), R. & R. adopted, No. 5:22-CV-326-FL, 2023 WL 2614540 (E.D.N.C. Mar. 22, 2023) (citing Donaldson v. Severn Sav. Bank, F.S.B., No. CV JKB-15-901, 2015 WL 7294362, at *2 (D. Md. Nov. 18, 2015)) ("18 U.S.C. § 1348 is a criminal securities and commodities fraud statute and does not create a private right of action."); McCrea v. Santomassimo, No. 4:24-CV-00761-JD-TER, 2024 WL 4315027, at *2 (D.S.C. Sept.

---

[5] Given that the Court is dismissing Plaintiff's ADA claim for failure to exhaust administrative remedies, the Court similarly declines to further address Defendant's remaining arguments as to whether Plaintiff also failed to plead facts supporting a plausible claim under the ADA.

27, 2024). Considering this, the Court will grant Defendant's Motion to Dismiss as to Plaintiff's claim under 18 U.S.C § 1348.

### III. ORDER

**NOW THEREFORE IT IS ORDERED** that:

1. Defendant's "Motion to Dismiss Plaintiff's Amended Complaint" (Doc. No. 36) is **GRANTED**. **Plaintiff's SOX and ADA claims** are **DISMISSED WITHOUT PREJUDICE.** Plaintiff's claim under 18 U.S.C. § 1348 is **DISMISSED WITH PREJUDICE.**

2. The Clerk is directed to send copies of this Order to pro se Plaintiff and to counsel for Defendant.

**SO ORDERED.**

Signed: September 30, 2024

_____
Susan C. Rodriguez
United States Magistrate Judge